**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5081**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM H. BURNETTE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CR-05-17)

Submitted: April 23, 2007            Decided: May 29, 2007

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reginald M. Barley, Richmond, Virginia, for Appellant. Sara Elizabeth Flannery, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William H. Burnette, Jr., appeals from his seventy-one month sentence imposed following his guilty plea to one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (2000). Burnette's counsel filed a brief pursuant to Anders v. California, 286 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in sentencing Burnette. Burnette was informed of his right to file a pro se supplemental brief but elected not to do so.

A presentence investigation report (PSR) calculated a base offense level of nineteen. After applying a two-level adjustment for a minor role in the offense pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2(b) (2004), Burnette's adjusted offense level was seventeen. The PSR also reduced the offense level by three for acceptance of responsibility. Based on an offense level of fourteen and a criminal history category of III, the PSR established an advisory guideline range of twenty-one to twenty-seven months' imprisonment. The Government objected to Burnette receiving a reduction for acceptance of responsibility.

At the sentencing hearing, the district court found sua sponte that Burnette was entitled neither to the minor role in offense adjustment under U.S.S.G. § 3B1.2(b), nor to the reduction

for acceptance of responsibility. Rather, the court found sua sponte that Burnette's false statements to the probation officer warranted a two-level obstruction of justice enhancement. Additionally, the district court found that Burnette's criminal history score under-represented the seriousness of his criminal history. Accordingly, the court departed upward and increased the criminal history category level from III to IV. Based on this category and a newly-established offense level of twenty-one, the advisory guideline range was fifty-seven to seventy-one months' imprisonment. The court sentenced Burnette to seventy-one months' imprisonment.

Burnette first argues that an upward departure was not warranted in this case. "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1). We have noted that "[s]ection 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003).

Our review of the record reveals that the district court explained in detail its decision that an upward departure was

appropriate in this case. We conclude that, under either a reasonableness or abuse of discretion standard of review, the district court did not err in its decision to depart upward, or in its selection of the ultimate sentence in this case.

Burnette also questions whether the district court erred in enhancing his offense level for obstruction of justice. The Sentencing Guidelines provide for a two-level increase in a defendant's offense level "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1.

"[P]roviding materially false information to a probation officer in respect to a presentence or other investigation for the court," or "providing materially false information to a judge or magistrate," are specifically listed as examples of conduct for which the enhancement is appropriate. U.S.S.G. § 3C1.1, comment. (n.4(f) and (h)). "To apply the obstruction-of-justice enhancement, the district court must find that a defendant consciously act[ed] with the purpose of obstructing justice." United States v. Stewart, 256 F.3d 231, 253 (4th Cir. 2001) (internal quotation marks and citation omitted). The district court imposed the enhancement based on Burnette's statement that

the victim had a "shank," but no evidence of a knife or similar weapon was ever found. Our review of the record demonstrates that the facts supporting the enhancement were sufficiently established.

Finally, Burnette questions whether the district court erred in denying a reduction in his base offense level for having a minor role in the offense. The standard of review for factual determinations, such as whether the appellant's conduct warrants a minor-role sentencing reduction, is clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. U.S.S.G. § 3B1.2(b). This applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). Here, the district court reasonably found that Burnette was not a minor participant in the offense, as the evidence established that Burnette held the victim down as his co-defendants beat the victim. Accordingly, the district court did not clearly err in denying Burnette a minor participant adjustment.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED