PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DESMOND CHARLES LAWRENCE,
  *Defendant-Appellant.*

No. 02-4886

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-449)

Argued: September 23, 2003

Decided: November 13, 2003

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Widener and Judge Niemeyer joined.

## COUNSEL

**ARGUED:** Allen Bethea Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. John Michael Barton, Assistant United States Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina, for Appellee.

**OPINION**

WILKINSON, Circuit Judge:

Appellant Desmond Charles Lawrence robbed one bank and attempted to rob another bank on June 14, 1996, in Columbia, South Carolina. Lawrence pled guilty to one count of bank larceny, 18 U.S.C. § 2113(b), and was convicted by a jury of attempted unarmed bank robbery, 18 U.S.C. § 2113(a). After he twice successfully appealed for resentencing, the district court resentenced Lawrence to 240 months for unarmed bank robbery and 22 months for bank larceny, to be served consecutively. Lawrence's present contention is that the district court erred in concluding that he was a de facto career offender and upwardly departing on that basis. Because the district court's upward departure was an appropriate and reasonable response to the court's finding that Lawrence's criminal history category significantly underrepresented the seriousness of his criminal history and his likelihood of recidivism, we affirm the sentence.

I.

On June 14, 1996, Desmond Charles Lawrence attempted to rob one bank and successfully robbed another bank in Columbia, South Carolina in rapid succession. At 3:30 p.m. he gave a bank teller a handwritten hold-up note, but fled with nothing when he saw the teller dialing 911. Approximately half an hour later, Lawrence entered another bank, distracted a teller, grabbed $1591 in cash from the teller's drawer, and ran out of the bank. Lawrence fled to Los Angeles, and five days later turned himself in to federal authorities.

On December 30, 1996, Lawrence entered a guilty plea to one count of bank larceny, 18 U.S.C. § 2113(b). On January 6, 1997, a jury convicted Lawrence of attempted unarmed bank robbery, 18 U.S.C. § 2113(a). On February 24, 1997, the trial court sentenced Lawrence to 240 months on the unarmed bank robbery charge and 120 months on the bank larceny charge, to be served consecutively. Lawrence appealed his sentence, and the case was remanded twice for resentencing. *See United States v. Lawrence*, 161 F.3d 250, 255-56 (4th Cir. 1998) (remanding for resentencing so that the district court could more completely explain how it arrived at the sentence); *United*

*States v. Lawrence*, 248 F.3d 300, 304-05 (4th Cir. 2001) (remanding for resentencing on grounds that Fed. R. Crim. P. 43 required the defendant's actual presence at sentencing).

On November 5, 2002, the district court resentenced Lawrence. The Presentence Report showed that Lawrence's offense level was 22 and that he had a criminal history category of V, which resulted in a sentencing guideline range of 77-96 months. The district court determined that Lawrence's criminal history did not fully reflect the seriousness of Lawrence's past criminal conduct and the likelihood that Lawrence would commit other crimes. Pursuant to section 4A1.3 of the Sentencing Guidelines, the district court decided on an upward departure from the criminal history category V. The district court detailed several independent grounds for an upward departure and determined that the appropriate criminal history category was VI, which called for a sentencing range of 84-105 months.

The district court then found that an upward departure to category VI still failed to capture the full seriousness of Lawrence's past offenses and his likelihood of recidivism. Since Lawrence had only one and not "at least two prior felony convictions of either a crime of violence or a controlled substance offense," under U.S.S.G. § 4B1.1 he could not be formally classified as a career offender. But the district court nevertheless determined that a number of Lawrence's previous crimes and convictions were sufficiently analogous to qualifying felonies that they could be considered for all intents and purposes a second predicate conviction. As a result, the district court found that Lawrence was a de facto career offender and departed from the previously calculated offense level of 22 to the base offense level of 32 for a career offender. The combination of criminal history category VI and a base offense level of 32 resulted in a sentencing range of 210-262 months. The district court sentenced Lawrence to 240 months for unarmed bank robbery and 22 months for bank larceny, to be served consecutively.

II.

Lawrence argues that the district court erred in concluding that he was a de facto career offender and in upwardly departing on this basis. "A district court must impose a sentence within a defendant's

guideline range 'unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992) (quoting 18 U.S.C. § 3553(b) (2000)). The sentencing court must first identify a particular aggravating or mitigating circumstance not adequately considered by the Sentencing Commission in formulating the Sentencing Guidelines. Second, the sentencing court must determine that the circumstance is of sufficient importance and magnitude that a departure from the guideline range should result. Third, the extent of any departure adopted by the sentencing court must be reasonable. *See United States v. Cash*, 983 F.2d 558, 560 (4th Cir. 1992).

The Sentencing Commission has expressly identified some circumstances that it did not adequately consider, including the inadequacy of a defendant's criminal history category. *See United States v. Summers*, 893 F.2d 63, 67 (4th Cir. 1990). Section 4A1.3 of the Guidelines expressly authorizes sentencing courts to upwardly depart when the defendant's "criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes," U.S.S.G. § 4A1.3, and the district court relied on this section for its upward departure.

We do not believe that the district court erred in the nature or in the extent of the departure from Lawrence's criminal history category or base offense level. We need not conclude whether an abuse of discretion standard, *see Koon v. United States*, 518 U.S. 81, 99-100 (1996), or de novo review applies to this case, *see* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401(d), 117 Stat. 650, 670 (amending 18 U.S.C. § 3742(e)), because we find that the result would be the same under either standard of review.

The district court detailed several independent grounds for both the departure from criminal history category V to category VI and the finding that Lawrence was a de facto career offender.

A.

Although Lawrence only indirectly challenged the court's determination that a departure from criminal history category V to category VI was appropriate,[1] it is important to confirm the fact that the district court soundly grounded this initial step.

"If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3. "A departure under this provision is warranted when the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.* Section 4A1.3 allows sentencing judges to consider reliable information which "may include, but is not limited to, information concerning: (a) prior sentence(s) not used in computing the criminal history category (e.g. sentences for foreign and tribal offenses); (b) prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions; (c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order; (d) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense; (e) prior similar adult criminal conduct not resulting in a criminal conviction." *Id.*

The district court identified three independent reasons why the sentencing range failed to accurately reflect Lawrence's criminal history or his likelihood of recidivism. First, the district court found that Lawrence's extensive juvenile record, which included multiple thefts and charges for assaults, was not used to determine his criminal history category. Second, the district court noted that Lawrence was involved in no fewer than six incidents in which he assaulted or fought with others in custody, as well as multiple other incidents of

---

[1]Lawrence's arguments focus on challenging the de facto career offender designation, but the district court's upward departure from the 77-96 month range includes the upward departure from criminal history category V to category VI.

misconduct ranging from physical interference with guards to defiance of guards' orders. This misconduct was handled administratively by correctional officials and therefore was not reflected in Lawrence's criminal history. The district court noted a departure was appropriate because Lawrence's juvenile criminal history and conduct while in custody made his criminal history conduct considerably more serious than that of a "hypothetical person, [who] had only defendant Lawrence's adult and point countable offenses," yet shared the same criminal history category. Third, the district court found that Lawrence's likelihood of committing other serious crimes was "clearly present."

The district court emphasized the number and type of the incidents and the fact that Lawrence had rarely, if ever, successfully completed parole or probation without problems or violations. Lawrence even suggested at his original sentencing that he would break the law again and later demonstrated this resolve through an attempted jail break and carjacking while in transit to a federal prison in Atlanta.

These three factors, both individually and collectively, support the district court's decision that an upward departure was appropriate. The district court followed the guidance that the Policy Statement for U.S.S.G. § 4A1.3 provides and moved Lawrence up one category from criminal history category V to criminal history category VI. This change, as noted, increased Lawrence's sentencing range from 77-96 to 84-105 months.

B.

The district court next determined that even the upgraded sentencing range of 84-105 months failed to adequately reflect the seriousness of Lawrence's past conduct and his likelihood of committing future crimes. For this reason, the court proceeded to find that Lawrence was a de facto career offender and therefore departed directly to the career offender guidelines range.[2]

---

[2]"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two

   This court has laid out three possible approaches for a district court to follow when it finds that the highest criminal history category, category VI, is inadequate or that the defendant would be considered a career offender, but for the defendant's successful challenge to a predicate offense. *See United States v. Cash*, 983 F.2d 558, 561 (4th Cir. 1992). First, a district court may exercise its discretion not to depart. Second, a district court may determine the extent of a departure by extrapolating from the existing sentencing table and considering the appropriateness of successively higher categories level by level. *Id.* Third, a sentencing court may act as the district court did in the present case and directly depart to sentencing based on de facto career offender status: "[o]nce the district court determines that a departure under U.S.S.G. § 4A1.3 is warranted and that the defendant's prior criminal conduct is of sufficient seriousness to conclude that he should be treated as a career offender, the district court may depart directly to the guideline range applicable to career offenders similar to the defendant." *Id.* at 562; *see also United States v. Hines*, 943 F.2d 348, 354-55 (4th Cir. 1991) (per curiam); *United States v. Gardner*, 905 F.2d 1432, 1437-39 (10th Cir. 1991); *United States v. Campbell*, 888 F.2d 76, 78-79 (11th Cir. 1989).

   This court has further explained the de facto career offender classification in terms that apply to Lawrence's case. "[T]he district court may sentence a defendant as a *de facto* career offender when he has committed two crimes that would qualify as predicate crimes for career offender status, but for some reason cannot be counted." *United States v. Harrison*, 58 F.3d 115, 118 (4th Cir. 1995). Further, "a defendant may be sentenced as a *de facto* career offender . . . if two of the defendant's prior crimes of violence are consolidated for sentencing purposes and thus do not constitute two separate predicate offenses." *Id.*

---

prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2.

That is what happened here. Lawrence committed two bank robberies on January 14, 1991, in Hawaii, which were consolidated for sentencing on April 29, 1993. These robberies occurred within fifty-three minutes of each other and were treated as related for Sentencing Guidelines purposes, because they "resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 n.3. If the second robbery conviction had not been treated as a related prior sentence, it would have served as the second predicate offense of a felony crime of violence to establish Lawrence's de jure career offender status. *See* U.S.S.G. § 4B1.1.

"The guidelines do take into account the possibility that an offender may be sentenced for multiple related offenses at one time and properly count such an incident as a single offense. Nothing in the guidelines, however, indicates that such a calculation is designed to treat more leniently a defendant who is fortuitously sentenced at one hearing on two disparate charges." *United States v. Hines*, 943 F.2d 348, 354 (4th Cir. 1991) (per curiam). The district court thus correctly held that the fact that the two bank robberies were treated as related and not counted separately under the Sentencing Guidelines for calculating the criminal history category, does not bar the determination that these crimes were factually distinct, and thus not adequately considered under the Guidelines for the purposes of an upward departure. *See id.* at 355. These two crimes were not considered separately in the Presentence Report's determination of Lawrence's criminal history or in the district court's decision on an upward departure to criminal history category VI.

Lawrence argues, however, that U.S.S.G. § 4A1.1(f) shows that the Guidelines anticipate how to address violent felonies as related convictions for criminal history calculations. That section states that the district court should "[a]dd 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) [of § 4A1.1(f)] because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item." U.S.S.G. § 4A1.1(f). Lawrence therefore asserts that only one point should have been added to his criminal history for the second bank robbery,

rather than the district court's upward departure to de facto career offender status.

Lawrence's contention that a point should have been added under § 4A1.1(f) to his criminal history for each prior crime of violence that was treated as a related crime for sentencing does nothing to render § 4A1.3 inoperative. Section 4A1.1(f) does not undermine the appropriateness of the upward departure decision under § 4A1.3 since the district court could still determine at the end of the day that Lawrence's criminal history significantly underrepresented the seriousness of the defendant's criminal history and the likelihood of recidivism. It is unlikely that the Sentencing Commission sought to place sentencing courts in a virtual straightjacket by limiting consideration of all related convictions of crimes of violence to a maximum of three criminal history points. Such an approach would dictate that no matter how heinous a violent crime spree, it could at most boost a defendant's criminal history by three points. This approach could also undermine the goal of uniformity in sentencing. Individuals who for reasons of convenience or economy fortuitously had prior convictions consolidated for sentencing might receive much different treatment than defendants who had separate prior sentences. *See United States v. Hines*, 943 F.2d 348, 354-55 (4th Cir. 1991) (per curiam).

Our prior recognition of de facto career offender status exists to remedy precisely the type of situation in which a district court determines that in the final analysis a defendant's criminal history category is inadequate. Section 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior. The relatedness of the two bank robbery convictions matters for the purposes of adding an additional criminal history point under U.S.S.G. § 4A1.1(f). But nothing in the Sentencing Guidelines prohibits the district court from considering the second factually distinct but related conviction as a reason for upward departure under U.S.S.G. § 4A1.3.

This approach is consistent with this court's principle that "the sentencing guidelines should be applied as written" and that "[t]o effectuate this principle, double counting is permissible under the sentencing guidelines except where it is expressly prohibited." *United States v.*

*Wilson*, 198 F.3d 467, 472 n.* (4th Cir. 1999) (internal quotation marks and citations omitted). The defendant seeks to nullify the force of section 4A1.3, but we see no indication that the Sentencing Commission so intended. To the contrary, Lawrence seems just the kind of defendant for whom this section was included.

The district court also found two other independent bases for treating Lawrence as a de facto career offender. First, Lawrence admitted committing two other bank robberies on January 7, 1991 and January 14, 1991 for which he was never convicted. Lawrence does not contest his admission of these two unsentenced bank robberies. Second, Lawrence pled and was convicted for third degree assault for striking a Hawaii state prison guard on the head with a laundry iron and a metal box on October 18, 1985. The district court stated that the underlying facts of this assault conviction could satisfy assault second, a felony under Hawaiian law. We need not rule on these alternative bases for the departure, as the district court's treatment of the two 1991 bank robbery convictions was sufficient.

## III.

The district court declared that it "never had before this court any other defendant whose conduct in my opinion more clearly deserves the departure based upon the inadequacy analysis which is allowed in 4A1.3 nor one who is more correctly labeled under the facts of the case a de facto career offender." This judgment, and the carefully detailed evidence substantiating the district court's upward departure, warrants affirming the decision to classify Lawrence as a de facto career offender and to sentence him to a term of 262 months.

*AFFIRMED*