**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4734**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER DALE HAWKINS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry F. Floyd, District Judge.
(CR-03-946)

_____

Submitted:  August 19, 2005          Decided:  September 22, 2005

_____

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Alan Lance Crick, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roger Dale Hawkins appeals a 400-month sentence imposed after he pleaded guilty to conspiracy to rob a post office and present stolen money orders for payment, in violation of 18 U.S.C. §§ 371, 500, 2114(a) (2000); assault and robbery of a postal employee and aiding and abetting, in violation of 18 U.S.C. §§ 2114(a), 2 (2000); using, carrying and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2000); conspiracy to use, carry, and possess a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o) (2000); theft and conversion of blank postal money orders and aiding and abetting, in violation of 18 U.S.C. §§ 500, 2 (2000); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2000). Counsel for Hawkins filed an Anders[1] brief, in which he states that there are no meritorious issues for appeal, but suggests that the district court erred in departing upward from the guideline[2] range in sentencing Hawkins. Hawkins was advised of his right to file a pro se supplemental brief, but did not file a brief.

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]U.S. Sentencing Guidelines Manual (USSG) (2003).

The probation officer concluded that Hawkins qualified for sentencing as a career offender and an armed career criminal,[3] and calculated a guideline range of 272 to 319 months of imprisonment.  The probation officer also recommended an upward departure from the guideline range based upon Hawkins's prior convictions and the nature of those crimes.  Hawkins objected to the probation officer's recommendation for an upward departure, contending that the calculated guideline range provided adequate punishment options for the district court in his case.  The district court concluded that an upward departure was warranted, determined that a departure to offense level thirty-seven in criminal history category VI was appropriate, and sentenced Hawkins to 400 months of imprisonment.

On appeal, Hawkins repeats his arguments that an upward departure was not warranted in this case, and that even if a departure was appropriate, the district court erred in determining the extent of the departure.  "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."  USSG § 4A1.3(a)(1).  We have noted that "[s]ection 4A1.3 was drafted in classic

_____

[3]Hawkins did not object to classification as an armed career criminal or career offender.

catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003). "In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3 comment. (n.2(B)). In deciding the extent of a departure in the case of a defendant who is already in criminal history category six, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B).

Our review of the record reveals that the district court explained in great detail its decision that an upward departure was appropriate in this case, as well as its reasoning supporting a conclusion that the intervening offense levels of thirty-five and thirty-six did not adequately address the inadequacy of Hawkins's criminal history. We conclude that, under either a de novo or abuse of discretion standard of review, the district court did not err in its decision to upwardly depart, or its selection of the ultimate sentence in this case.

In accordance with <u>Anders</u>, we have thoroughly examined the entire record, including the transcripts of the Fed. R. Crim. P. 11 and sentencing hearings, for any other potentially meritorious issues and have found none.[4]  Accordingly, we affirm Hawkins's convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[4]This court entered an order on March 3, 2005, that stated: "[t]o assist this Court in determining the impact, if any, of the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. __ (2005), upon this appeal, appellant is accorded the opportunity to submit supplemental briefing raising any claims based upon <u>Booker</u> that appellant wishes this Court to consider."  Hawkins was given until March 31, 2005, to file supplemental briefs, but no briefs were filed.  Accordingly, we have not considered any potential issues arising under <u>Booker</u>.