**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 05-4331**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES VINCENT BOYD,

Defendant - Appellant.

————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-161)

————————

Submitted:  February 28, 2006        Decided:  April 11, 2006

————————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

D. Craig Brown, Florence, South Carolina, for Appellant.  Jonathan Scott Gasser, Acting United States Attorney, Columbia, South Carolina, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Vincent Boyd appeals his ninety-month sentence imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(2000). Counsel for Boyd has filed an Anders* brief, in which he states that there are no meritorious issues for appeal, but suggests that the district court erred in departing upward from the sentencing guidelines range under U.S. Sentencing Guidelines Manual § 4A1.3 (2003) in sentencing Boyd. Boyd was advised of his right to file a pro se supplemental brief, but did not file a brief.

A pre-sentence investigation report (PSR) was prepared. The PSR calculated a base offense level of 20 under USSG § 2K2.1(a)(4)(A). After reducing the offense level by three levels for acceptance of responsibility, the total offense level was 17. Boyd had an extensive criminal history, with a criminal history score of 27, plus two additional points for committing the offense while on supervised release, and one additional point for committing the offense less than two years after his release from custody, for a total score of 30, placing him well beyond the 13 points needed for criminal history category VI. The resulting guideline range was 51-63 months of imprisonment.

The Government moved for an upward departure under USSG § 4A1.3, on the basis that Boyd's criminal history category

---

*Anders v. California, 386 U.S. 738 (1967).

significantly under-represented the seriousness of Boyd's past criminal conduct and the likelihood of recidivism. Boyd opposed the motion. He argued that he was not a serious threat to the public welfare, and that the provisions for forming the basis of an upward departure under § 4A1.3(a)(2) did not apply to his case. The district court concluded that an upward departure was warranted, determined that a departure to offense level 21 in criminal history category VI was appropriate, and sentenced Boyd to ninety months of imprisonment.

On appeal, Boyd repeats his arguments that an upward departure was not warranted in this case. "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." USSG § 4A1.3(a)(1). We have noted that "[s]ection 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003). "In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record."

USSG § 4A1.3 comment. (n.2(B)). In deciding the extent of a departure in the case of a defendant who is already in criminal history category VI, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B).

Our review of the record reveals that the district court explained in detail its decision that an upward departure was appropriate in this case, as well as its reasoning supporting a conclusion that the intervening offense levels 18 through 20 did not adequately address the inadequacy of Boyd's criminal history. We conclude that, under either a reasonableness or abuse of discretion standard of review, the district court did not err in its decision to depart upward, or in its selection of the ultimate sentence in this case.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Boyd's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

- 4 -

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED