**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4939**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MONTE ALEXANDER GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-00335-TLW)

Submitted:  October 10, 2007      Decided:  October 19, 2007

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, A. Bradley Parham, Assistant United States Attorney, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monte Alexander Green appeals his jury convictions and 315-month sentence for attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (2000), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a(2), 924(e) (2000).  The charges stemmed from a 2003 attempted robbery at a pawn shop in Florence, South Carolina.[1]  Green contends the district court abused its discretion in admitting evidence pertaining to a prior pawn shop robbery, the evidence was insufficient to establish that his attempted robbery interfered with commerce, and that his sentence was unreasonable.

Green challenges the district court's admission of evidence pertaining to a 2000 pawn shop robbery because the Government gave notice of its intent to admit the evidence only four days before trial.[2]  This court reviews a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion.  <u>United States v. Queen</u>, 132 F.3d

_____

[1]During the same trial, Green was also tried on a bank robbery charge, based on a 2004 robbery of a the First Federal Bank in Florence, and a charge of using a firearm in furtherance of a crime of violence.  Green was acquitted on the firearm charge.  The jury deadlocked with respect to the bank robbery charge, and the court declared a mistrial.

[2]The court admitted the evidence because it was relevant to the issue of intent.  Green does not argue that the evidence was inadmissible for this purpose under Rule 404(b), only that the evidence should have been excluded on the basis of inadequate notice.

991, 995, 997 (4th Cir. 1997). In order to introduce evidence under Rule 404(b), "the prosecution in a criminal case shall provide reasonable notice in advance of trial." Fed. R. Evid. 404(b).

Green does not allege that the Government willfully delayed notification, and the court explicitly concluded the Government had not withheld notice in bad faith.[3] Green suggests that, even if good cause existed for the failure to provide earlier notice, late notice rendered the evidence inadmissible. This argument is contrary to Rule 404(b), which permits the admission of evidence even in the absence of any pretrial notice, when "good cause" excuses the failure to provide such notice. Fed. R. Evid. 404(b). The court indicated that it would consider continuing the trial for a day to allow defense counsel additional time to prepare. Counsel declined to request a continuance. Under these circumstances, the district did not abuse its discretion in admitting the evidence.

Green also contends there was insufficient evidence to support the commerce element of his Hobbs Act attempted robbery conviction. This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact

---

[3]The Government learned that Green robbed a pawn shop several years earlier in a strikingly similar manner to the charged attempted robbery, approximately one week before trial.

could find the essential elements of the crime beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). This court will uphold the jury's verdict if there is substantial evidence to support it, and will reverse only in those rare cases "where the prosecution's failure is clear." <u>United States v. Beidler</u>, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation omitted).

The Hobbs Act, 18 U.S.C. § 1951(a), makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce. "A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." <u>United States v. Williams</u>, 342 F.3d 350, 353 (4th Cir. 2003) (citation omitted). The second element may be met even when the "impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected." <u>United States v. Bailey</u>, 990 F.2d 119, 125 (4th Cir. 1993) (internal quotation omitted); <u>see</u> <u>United States v. Augello</u>, 451 F.2d 1167, 1169-70 (2d Cir. 1971) ("[I]t is enough that the extortion in any way or degree affects commerce, though its effect be merely potential or subtle.").

Here, the shop owner testified he purchased supplies from out-of-state suppliers, sold pawned items to out-of-state entities,

and between thirty to forty percent of his customers came from across state lines. Further, the shop owner testified he closed the shop on the day of the robbery.[4] This evidence was sufficient to establish the commerce element essential to sustain Green's conviction under 18 U.S.C. § 1951.

Finally, Green challenges the reasonableness of his sentence. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. A district court's decision to depart from the advisory guidelines is reviewed for reasonableness. United States v. Dalton, 477 F.3d 195, 197 (4th Cir. 2007). In reviewing a sentence outside the guidelines range, this court must consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentence range." Id.

---

[4]We reject the argument that business records are required to satisfy the commerce element. See United States v. Haywood, 363 F.3d 200, 210-11 (3d Cir. 2004)(police officer's testimony that bar had out of state suppliers sufficient to establish commerce element, rejecting argument that business records or expert testimony required).

Relying on USSG § 4A1.3, the district court imposed a sentence of 315 months. This is fifty-three months, or twenty percent, above the top of the pre-departure advisory range (262 months). According to USSG § 4A1.3, a district court may depart upward from an applicable guidelines range if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3. In deciding whether a departure is warranted under § 4A1.3, a sentencing court may consider uncounted prior sentences and prior similar adult conduct not resulting in criminal conviction. USSG § 4A1.3(a)(2)(A), (E).

Green contends the district court improperly based its decision to depart on the bank robbery, for which he was tried but not convicted, and on the 2000 pawn shop robbery, for which he was never charged. Green points out that application of the career offender provision increased his guidelines range beyond what it would have been had he been convicted of both crimes and argues that his pre-departure range already accounted for the conduct.[5] However, Green was classified as a career offender based on two specific, earlier criminal convictions; that enhancement did not encompass or reflect the bank robbery or the 2000 pawn shop

_____

[5]In the absence of the career offender enhancement, Green's advisory guidelines range would have been 130 to 162 months.

- 6 -

robbery. Moreover, although additional convictions will not affect the criminal history category if a defendant is in the highest criminal history category, the guidelines provide that upward departures may still be warranted in these circumstances. USSG § 4A1.3(a)(4)(B); Dalton, 477 F.3d at 199.

Furthermore, we find no error in the court's reliance on prior adult and juvenile convictions, for which no criminal history points were assessed. While the absence of attorney representation prohibits assessment of criminal history points, the criminal conduct may be considered for purposes of a departure under § 4A1.3. See § 4A1.2, comment. (n. 6). Additionally, the court explicitly did not focus on Green's juvenile adjudications, but rather considered them in the context of a broad pattern of recidivism. See United States v. Lawrence, 349 F.3d 724, 727-28 (4th Cir. 2003).

The district court's decision was based, not only on uncounted sentences and conduct not resulting in conviction, but also on the court's observation that Green's prior sentences had not had "much deterrent effect." The court observed, for example, that Green committed the bank robbery and the attempted robbery of the pawn shop shortly after his release from incarceration. The court further determined that Green demonstrated a "propensity to commit violent offenses" similar to the conduct for which he was convicted. The court indicated that it carefully considered the

factors set forth in 18 U.S.C. § 3553(a) and selected an "appropriate" sentence of 315 months. Accordingly, the district court sufficiently articulated its reasons for departing from the guidelines range and that the sentence imposed was reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED