**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4329**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY DON CRANE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (1:06-cr-00040-IMK)

Submitted:  November 30, 2007          Decided:  January 4, 2008

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott A. Shough, Fairmont, West Virginia, for Appellant.  Sharon L.
Potter, United States Attorney, Shawn Angus Morgan, Assistant
United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Billy Don Crane of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Crane to forty-one months' imprisonment. Crane timely appealed and contends the district court erroneously calculated his criminal history category by including an unserved state sentence and abused its discretion by denying his Fed. R. Crim. P. 33 motion for a new trial. For the following reasons, we affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In sentencing a defendant, the district court must: (1) properly calculate the guidelines range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the advisory range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Crane contends the district court's calculation of his sentencing guidelines range was improper.

The presentence report ("PSR") recommended a total offense level of sixteen and a career history category of III, resulting in a range of twenty-seven to thirty-three months'

- 2 -

imprisonment. The PSR's criminal history calculation did not include a state sentence of five to eighteen years' imprisonment for a 1989 aggravated robbery conviction ("No. 89-F-19"); owing to an administrative error, Crane never served this sentence. Had No. 89-F-19 been reflected in the PSR's recommendation, Crane's criminal history category would have been IV and his sentencing guidelines range would have been thirty-three to forty-one months' imprisonment.

Pursuant to U. S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(1) (2006), which instructs courts to depart upward based on inadequacy of criminal history if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," the district court appropriately departed upward to a criminal history category of IV in light of Crane's unserved prior sentence. See also USSG § 4A1.2(a)(1) (defining "prior sentence" as "any sentence previously imposed upon adjudication of guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense"); United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003) ("Section 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal

conduct or predict future criminal behavior."). We therefore conclude Crane's sentence was properly calculated.

Crane also contends the district court's denial of his Rule 33 motion was improper. We review the denial of this motion for abuse of discretion. See United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000). A new trial may be appropriate when the jury's verdict is inapposite to the weight of the evidence and it would be unjust to enter judgment on that basis. See Tibbs v. Florida, 457 U.S. 31, 38 n.11, 44 n.20 (1982). Crane's contention amounts to an attack on witness credibility, however, and we will not upset on appeal the jury's assessment of credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We therefore find no abuse of discretion in the district court's denial of Crane's Rule 33 motion.

Accordingly, we affirm Crane's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED