**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4747**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

HENRY JUNIOR MCNAIR,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:07-cr-00325-F-1)

Submitted:  December 28, 2009        Decided:  January 28, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne
M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Junior McNair appeals his conviction on one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006), and his forty-one month sentence. We affirm.

On appeal, McNair first argues that his conviction must be vacated and remanded for a new trial in light of the Supreme Court's ruling in Arizona v. Gant, 129 S. Ct. 1710 (2009), because the search of his vehicle and resultant discovery of the handgun were illegal. In Gant, the Supreme Court held that a search of a vehicle incident to the arrest of a recent occupant is justified "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." Gant, 129 S. Ct. at 1719 (internal quotation marks omitted).

The Government responds that McNair waived this claim by failing to file a motion to suppress in the district court, as required by Fed. R. Crim. P. 12(b)(3)(C). Rule 12(b)(3)(C) requires that a motion to suppress evidence must be made before trial. Rule 12(e) states that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the

2

deadline the court sets under Rule 12(c) or by any extension the court provides." McNair does not dispute the Government's assertion that he did not file a motion to suppress the handgun, and the district court docket does not indicate that such a motion was filed. As the Government correctly notes, this court has previously enforced the waiver in Rule 12(e). United States v. Whorley, 550 F.3d 326, 337 (4th Cir. 2008); United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995). We conclude that McNair has waived this claim by failing to move in the district court to suppress the handgun.

McNair next argues that the district court imposed an unreasonable sentence by upwardly departing one criminal history category because McNair's criminal history category of IV under-represented his prior criminal conduct. This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.

Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597).

A district court may depart upward from the Guidelines range under USSG § 4A1.3(a) when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). "Section 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003). In determining whether a defendant's criminal history is underrepresented, a court may consider an outdated conviction that was not taken into account in calculating the criminal history score, but only if the outdated conviction involves similar, or serious dissimilar,

4

criminal conduct. See USSG § 4A1.2, cmt. (n.8); United States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992). "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the 'degree of the variance'; thus, 'a major departure should be supported by a more significant justification than a minor one.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 128 S. Ct. at 597).

Here, McNair does not challenge the procedural reasonableness of the sentence; he does not allege that the district court erred in its calculation of the Guidelines range, failed to adequately explain its sentence, or failed to apply the § 3553(a) factors. Instead, McNair attacks the substantive reasonableness of the sentence, contending that the recommended Guidelines range adequately accounts for his criminal history and his addictions. When reviewing substantive reasonableness, this court "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." Gall, 552 U.S. at 51. That this court would have reached a different result in the first instance is insufficient reason to reverse the district court's sentence. Id. Our review of the record leads

us to conclude that the district court's departure was supported by the evidence and that the resulting sentence was reasonable.

Accordingly, we affirm McNair's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>