**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4522**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN HARDISON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:08-cr-00278-BR-2)

Submitted: February 24, 2010      Decided: March 19, 2010

Before MICHAEL and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Hardison appeals the 197-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, 500 grams or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2006). We affirm.

In the presentence report (PSR), the probation officer recommended a total offense level of twenty-seven and a criminal history category of VI, which resulted in a sentencing range of 130 to 162 months of imprisonment. The PSR also noted that Hardison's extensive criminal history might warrant an upward departure pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3(a) (2008). Hardison did not object to the PSR.

Before sentencing, the Government filed a motion for a downward departure pursuant to USSG § 5K1.1 based on Hardison's substantial assistance. At sentencing, the district court adopted the factual findings and Guidelines calculations in the PSR, without objection. The Government orally moved for an upward departure on the ground that Hardison's criminal history category under-represented the seriousness of his past criminal conduct and the likelihood that he would continue to commit crimes. The district court granted the Government's motion for an upward departure and departed upward to offense level thirty-

four, which increased the sentencing range to 262 to 327 months. The court then granted the Government's substantial assistance motion and departed downward to a sentence of 197 months of imprisonment.

On appeal, Hardison first argues that the district court imposed a procedurally unreasonable sentence by failing to consider the factors in 18 U.S.C. § 3553(a) (2006), with the exception of Hardison's criminal history, which was considered only as it related to the Government's motion for upward departure. This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must consider whether the district court considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Our review of the record leads us to conclude that the district court did not procedurally err in its determination or explanation of Hardison's sentence. Hardison argued that "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), did not warrant an upward departure, but supported a sentence at the statutory minimum. The district court discussed in detail Hardison's criminal history, the indications that he would continue to commit crime, and the need to protect the public from Hardison's crimes. Although the court did not discuss Hardison's drug addiction or employment opportunities, such omission was not error. The district court adequately addressed the relevant § 3553(a) factors and explained its sentencing determination in terms specific to Hardison.

Hardison also argues that his sentence is substantively unreasonable because the district court based its decision to upwardly depart on the number of his prior convictions rather than on the seriousness of his criminal record. This court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports

4

the 'degree of the variance'; thus, 'a major departure should be supported by a more significant justification than a minor one.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 50). This court "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." Gall, 552 U.S. at 51. That this court would have reached a different result in the first instance is an insufficient reason to reverse the district court's sentence. Id.

A district court may depart upward from the Guidelines range under USSG § 4A1.3(a) when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). This court has stated that "[s]ection 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003). "In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is

often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3, comment. (n.2(B)). In deciding the extent of a departure in the case of a defendant who is already in criminal history category VI, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B).

Contrary to Hardison's argument, the district court's explanation reveals that the court considered the nature of his prior crimes in addition to their number. The PSR reveals that Hardison has a total of twenty-eight misdemeanor and seventy felony convictions. Seventeen of the misdemeanor and fifty-five of the felony convictions received no criminal history points in the Guidelines calculation. Moreover, Hardison's criminal history includes multiple instances in which he received a sentence of probation that was later revoked upon his commission of additional crimes. Finally, although the majority of Hardison's crimes were property-related, many of his convictions involved breaking and entering, which presents a risk of confrontation by the owner of the property. The district court's decision to depart was supported by the evidence, and the extent of the departure was reasonable.

Accordingly, we affirm Hardison's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED