**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2002
_____

EMANUEL BROWN,

Appellant

v.

R. WERLINGER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 10-cv-00079)
District Judge: Honorable Kim Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2011
Before: FUENTES, GREENAWAY, JR., and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 13, 2011)

_____

OPINION
_____

PER CURIAM

Emanuel Brown, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Western District of Pennsylvania denying his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we

will affirm the judgment of the District Court.

In 1991, Brown was convicted in the United States District Court for the Middle District of North Carolina of aiding and abetting bank robbery, armed bank robbery, and using or carrying a firearm during a crime of violence. At sentencing, the District Court granted the Government's motion for an upward departure because Brown's criminal history category did not adequately reflect his extensive criminal history. The District Court used the career offender sentencing guideline as a guide and sentenced Brown to an aggregate term of 330 months in prison. The United States Court of Appeals for the Fourth Circuit affirmed, rejecting, among other things, Brown's argument that the District Court erred in departing upward and applying the career offender guideline. United States v. Brown, No. 91-5088, 983 F.2d 1058 (Table), 1993 WL 998, at *4 (4th Cir. 1993) (unpublished decision).

In 1997, Brown filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the District Court for the Middle District of North Carolina in which he challenged the application of the career offender guideline under United States v. Harrison, 58 F.3d 115 (4th Cir. 1995). Harrison explained that a "district court may sentence a defendant as a de facto career offender when he has committed two crimes that would qualify as predicate crimes for career offender status, but for some reason cannot be counted." Id. At 118-19. The District Court denied Brown's claim because he had already challenged the application of the career offender guideline on direct appeal. The District Court also

2

rejected Brown's argument that Harrison would have changed the result on direct appeal. The Court of Appeals for the Fourth Circuit denied Brown's request for a certificate of appealability. In 2005, Brown unsuccessfully sought permission from the Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. In 2008, Brown sought relief again in District Court, which also was unsuccessful.

Brown then filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court of the Western District of Pennsylvania, the district of his confinement. Brown again asserted that he should not have been sentenced as a de facto career offender under Harrison. The District Court adopted the Magistrate Judge's recommendation to deny Brown's habeas petition because his exclusive remedy was to file a motion to vacate sentence pursuant to § 2255. The Magistrate Judge rejected Brown's argument that he may pursue relief under § 2241 because § 2255 provides an "inadequate or ineffective" remedy in his case. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We apply plenary review to the District Court's legal conclusions and a clearly erroneous standard to the District Court's factual findings. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a

3

conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle, 290 F.3d at 539. Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. At 538.

Brown has not made such a showing. As noted above, the fact that Brown is unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion "inadequate or ineffective."

Brown's case is also distinguishable from In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which we allowed the petitioner to raise in a § 2241 habeas petition a claim under Bailey v. United States, 516 U.S. 137 (1995). Bailey held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime." Dorsainvil, 119 F.3d at 247 (citation omitted). The petitioner in Dorsainvil had no earlier opportunity to challenge his conviction for a crime that Bailey may have negated. Id. At 251.

Brown claims in his § 2241 petition that he was improperly sentenced as a de facto career offender under Harrison because he does not have the predicate offenses required for application of the career offender guidelines. As noted above, Brown challenged the

4

application of the career offender guideline on direct appeal. He also raised in his § 2255 motion a claim based on Harrison, which the District Court denied on the merits. Although Brown further argues in his § 2241 petition that Harrison was reaffirmed in United States v. Lawrence, 349 F.3d 724 (4th Cir. 2003), and United States v. Myers, 589 F.3d 117 (4th Cir. 2009), neither Myers nor Lawrence changes the law. Rather, Myers and Lawrence merely apply Harrison and hold that the defendants were properly sentenced. Myers, 589 F.3d at 126-27; Lawrence, 349 F.3d at 729-31. Unlike in Dorsainvil, Brown does not rely on a change in substantive law since his first § 2255 motion was adjudicated. Thus, the District Court did not err in concluding that § 2255 is not "inadequate or ineffective" and that Brown may not challenge his sentence pursuant to § 2241.[1]

Brown also argues in his brief that the Magistrate Judge erred in denying his motion to amend his § 2241 petition. In his motion, Brown sought to raise a claim that his conviction under § 924(c) for using or carrying a firearm during a crime of violence is invalid under Bailey and Muscarello v. United States, 524 U.S. 125 (1998). Brown litigated a Bailey claim in his first § 2255 motion.[2] Although Muscarello was decided

---

[1]Brown does not appear to challenge this conclusion in his brief but asserts that the Magistrate Judge did not understand that he claimed that he was improperly sentenced as a de facto career offender. We disagree. The Magistrate Judge's report does not reflect that he misunderstood Brown's claim.

[2]The District Court apparently accepted the Government's concession that the jury charge on the term "use" for purposes of § 924(c) was legally infirm under Bailey, but

5

shortly after the District Court denied Brown's § 2255 motion, the Supreme Court held in Muscarello that the definition of "carry" for purposes of § 924(c) is not limited to carrying a firearm on one's person but also includes carrying a firearm in a vehicle. 524 U.S. at 126-27. Unlike Bailey's narrow construction of the term "use," Muscarello did not limit the definition of "carry." See id. At 136. Brown thus has not shown that he was convicted of a crime for which Muscarello may have negated and that he should have been able to pursue his claim pursuant to § 2241 under Dorsainvil.

Finally, Brown's arguments that the District Court failed to conduct a de novo review of the Magistrate Judge's decision and abused its discretion in not transferring his petition to the United States District Court for the Middle District of North Carolina are without merit.

Accordingly, we will affirm the judgment of the District Court.

---

concluded that Brown was properly convicted of aiding and abetting the carrying of a firearm for purposes of § 924(c). See Exhibit to Motion to Amend.