**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4599**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LAZARO GUTIERREZ-BUSTOS, a/k/a Lazaro Bustos,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   Thomas D. Schroeder,
District Judge.  (1:08-cr-00373-TDS-1)

Submitted: October 28, 2011        Decided: December 5, 2011

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro,
North Carolina, for Appellant. Ripley Rand, United States
Attorney, Terri-Lei O'Malley, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lazaro Gutierrez-Bustos pled guilty to one count of illegal reentry of a deported alien who had previously been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced him to eighty-two months' imprisonment and he now appeals. Finding no error, we affirm.

Gutierrez-Bustos challenges the district court's imposition of a departure sentence pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2008). We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, this court considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.

2

When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." We have thoroughly reviewed the record and conclude that the district court's decision to upwardly depart was reasonable, the extent of the departure is reasonable and supported by the record, and the court adequately explained both its decision to depart and the extent of its departure. See United States v. Lawrence, 349 F.3d 724, 727-28 (4th Cir. 2003). Finally, we find Gutierrez-Bustos' assertion that the district court should have departed downward sua sponte on the basis of cultural assimilation to be without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED