**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4074**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

EDGAR ANTONIO LAGUNAS-OCAMPO, a/k/a Edgar Luguna-OCampo,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00171-FL-1)

Submitted:  January 14, 2009     Decided:  February 20, 2009

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgar Antonio Lagunas-OCampo appeals his conviction and eighty-five month sentence after entering a guilty plea to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326 (2006). Lagunas-OCampo's sole contention on appeal is that his departure sentence, which was fourteen months longer than the high end of his original Guidelines range, is unreasonable and should be vacated. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Lagunas-OCampo claims no procedural error.

Accordingly, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62. While the court may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Dalton, 477 F.3d 195,

2

197 (4th Cir. 2007) (holding that a district court's decision to depart is reviewed for reasonableness). Rather, in reviewing a sentence outside the Guidelines range, this court must consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citation omitted).

This court will find a sentence to be unreasonable if the sentencing "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id. at 123. The court must, however, give due deference to the district court's decision that the 18 U.S.C. § 3553(a) (2006) factors justify the sentence. Evans, 526 F.3d at 162. Even if this court would have imposed a different sentence, this fact alone is insufficient to justify vacatur of the district court's sentence. Id.

We find that the district court's eighty-five month departure sentence was substantively reasonable. Under the Guidelines, a district court may depart upward from an applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal

3

history or the likelihood that the defendant will commit other crimes . . . ." U. S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(1) (2007); see United States v. Dixon, 318 F.3d 585, 588-89 (4th Cir. 2003) (noting that under-representative criminal history category "is an encouraged basis for departure").

To determine whether a departure sentence is appropriate in such circumstances, the Guidelines explicitly state that a court may consider prior sentences not used in the criminal history calculation. See USSG § 4A1.3(a)(2) (2007). This court has also recognized that probation and parole violations may be considered when assessing the likelihood of recidivism. See United States v. Lawrence, 349 F.3d 724, 728 (4th Cir. 2003). Accordingly, the district court appropriately considered Lagunas-OCampo's prior uncounted criminal history and repeated failure to abide by the terms of his probation to determine that a departure sentence was warranted.[*]

The district court also provided an adequate statement of reasons why it was issuing a departure sentence. Notably,

---

[*] Although Lagunas-OCampo summarily asserts that the district court's departure sentence punished him three times for the same criminal conduct, this assertion is belied by the fact that the district court explicitly indicated that it was increasing Lagunas-OCampo's criminal history category based on criminal history not considered by the probation officer in his original Guidelines range calculation.

the district court thoroughly reviewed and analyzed Lagunas-OCampo's unscored criminal history and accurately highlighted the fact that Lagunas-OCampo repeatedly refused to comply with his supervised release terms, thereby evidencing a disregard for United States law. The district court did so not only at sentencing, but also in a sentencing memorandum more thoroughly explaining its rationale for the departure sentence. Given Lagunas-OCampo's extensive criminal history and numerous parole violations, the district court's meaningful articulation of its consideration of the § 3553(a) factors, and its careful consideration of factors appropriately viewed when departing from the recommended Guideline range, we find that the extent of the departure was reasonable, as well. Cf. United States v. Davenport, 445 F.3d 366, 372 (4th Cir. 2006) (holding that a sentence more than three times the top of the advisory Guidelines range was unreasonable where the factors relied upon by the district court did not justify such a sentence and the court failed to explain how the variance sentence served the § 3553(a) factors), overruled in part on other grounds by, Irizarry v. United States, 128 S. Ct. 2198 (2008).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED