**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4292**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JOMARIO ANTIONE HAND,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   Louise W. Flanagan, District Judge.   (7:12-cr-00091-FL-1)

———————

Submitted:  December 17, 2013       Decided:  December 26, 2013

———————

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jomario Antione Hand appeals the forty-one month sentence imposed after he pled guilty, without a plea agreement, to one count of conspiracy to possess, store, barter, sell, or dispose of a stolen firearm, in violation of 18 U.S.C. § 371 (2012), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2012). We affirm.

On appeal, Hand contends that the court misapplied the Sentencing Guidelines by relying on relevant conduct to upwardly depart for under-representation of criminal history, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3 (2012). He asserts that criminal history and relevant conduct are mutually exclusive and that a district court "is prohibited from using relevant conduct to compute the criminal history score and to upwardly depart based on under-representation of criminal history." (Appellant's Br. at 11). The Government responds that, because Hand did not assert in the district court the argument he raises on appeal, plain error review applies. Under that standard, the district court did not err in upwardly departing, and even if the court committed procedural error, the error was harmless in light of the court's alternative variance explanation. In reply, Hand argues that he sufficiently preserved his objection to the departure, and that the court's

post hoc variance discussion does not rescue its erroneous departure sentence.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. In reviewing any sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (citing Gall, 552 U.S. at 56).

In this case, we conclude that Hand sufficiently preserved the claim he asserts on appeal by stating that he objected to the upward departure. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) ("When the sentencing court has already heard argument and allocution from the parties and weighed the relevant § 3553(a) factors before pronouncing sentence, we see no benefit in requiring the defendant to protest further.").

Section 4A1.3 authorizes an upward departure when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. This court has stated that "[s]ection 4A1.3 was drafted in classic catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003).

Hand argues that the district court erred in considering relevant conduct as a basis for its departure, citing three cases from other circuits as support. We conclude that these cases are distinguishable, as the conduct considered by the sentencing courts in those cases was used to determine the defendant's offense level and cited by the court as a basis

4

for an upward departure.  In this case, there is no indication in the record that conduct underlying Hand's convictions for breaking and entering was used to determine his offense level.

We also conclude that the district court correctly considered the full scope of Hand's prior criminal conduct in determining whether to depart under § 4A1.3.  "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law."  USSG § 1B1.4.  The district court did not err in upwardly departing.

Accordingly, we affirm Hand's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED