**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4410**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JOHN WILLIS MITCHELL,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:11-cr-00250-FL-1)

———————

Submitted:  February 25, 2014      Decided:  March 20, 2014

———————

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Willis Mitchell pled guilty, without a plea agreement, to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2012). The district court upwardly departed from Mitchell's advisory Guidelines range, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(1), p.s. (2012), and sentenced Mitchell to thirty-one months' imprisonment. On appeal, Mitchell argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Gall, 552 U.S. at 49-51. If the sentence is free of

2

significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51.

When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy [us] . . . that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (internal quotation marks and alterations omitted).

Section 4A1.3 authorizes an upward departure when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. We have stated that "[s]ection 4A1.3 was drafted in classic

3

catch-all terms for the unusual but serious situation where the criminal history category does not adequately reflect past criminal conduct or predict future criminal behavior." United States v. Lawrence, 349 F.3d 724, 730 (4th Cir. 2003).

Mitchell first argues that his sentence is procedurally unreasonable because the district court judge had already decided to upwardly depart from the advisory Guidelines range prior to the hearing. We, however, find no evidence that the judge was anything but fair and impartial when making her decision to upwardly depart from the advisory Guidelines range.

Mitchell also argues that his sentence is procedurally unreasonable because: (1) the court primarily focused on punishing him for the underlying sex offenses rather than his failure to register; (2) the court did not provide a sufficient explanation for the extent of the upward departure; and (3) the court ignored the § 3553(a) sentencing factors, especially mitigating considerations. Because Mitchell "[drew] arguments from § 3553 for a sentence different than the one ultimately imposed," he has preserved these issues for appeal. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

We find no merit to Mitchell's arguments. First, contrary to Mitchell's contention, a review of the record demonstrates that the court was primarily concerned with punishing Mitchell for failing to register as a sex offender, as

4

it consistently noted Mitchell's repeated failure to do so. Next, we conclude that the district court's explanation for the extent of the upward departure was sufficient and reiterate that there is no requirement for the district court to "go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects." United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (internal quotation marks omitted). Finally, we conclude that the court adequately considered the § 3553(a) factors, as it specifically remarked on Mitchell's extensive arrest record, family background, health, education, substance abuse issues, financial circumstances, likelihood of recidivism, and lack of respect for the law. See 18 U.S.C. § 3553(a)(1), (2).

Mitchell also contends that his sentence is substantively unreasonable because the majority of his unscored convictions were misdemeanors and he needs mental health treatment, not an upward departure. We find that Mitchell's extensive criminal history justified the court's decision to grant an upward departure. Mitchell's unscored convictions include serious offenses and ones that demonstrate Mitchell's lack of respect for authority. Moreover, the probation officer reported troubling events that did not lead to Mitchell's arrest and listed eighteen additional charges for which Mitchell was

5

never convicted. See USSG § 4A1.3(a)(2), p.s. (listing factors courts may consider when determining whether to grant upward departure).

We also find that Mitchell's violent behavior toward women and his failure to register were not ancient history and, therefore, it was not unreasonable for the district court to conclude that Mitchell was likely to reoffend. Finally, a review of the record reveals that the court thoroughly considered Mitchell's need for mental health treatment. Indeed, the court ordered, as conditions of Mitchell's supervised release, that he participate in mental health and anger management treatment and recommended that Mitchell take advantage of available mental health programs while incarcerated. Thus, far from ignoring the individual circumstances of Mitchell's case, we conclude that the court carefully crafted an appropriate sentence — upward departure and all.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6