**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4678

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKEEM TERON FLOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00509-D-1)

Submitted:  May 6, 2020                                      Decided:  June 4, 2020

Before NIEMEYER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akeem Teron Flood appeals from his 84-month sentence imposed pursuant to his guilty plea to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2018). Flood's Sentencing Guidelines range was originally calculated to be 60 months; the district court departed upwards under U.S. Sentencing Guidelines Manual § § 2K2.4, Application Note 2(B) (2018). Flood contends on appeal that his sentence is both substantively and procedurally unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). In assessing procedural reasonableness, we consider whether the district court improperly calculated the Sentencing Guidelines range, insufficiently considered the 18 U.S.C. § 3553(a) (2018) sentencing factors, or inadequately explained the sentence imposed. *Gall*, 552 U.S. at 51. Moreover, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" for a lower sentence. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (brackets and internal quotation marks omitted).

When reviewing the substantive reasonableness of a sentence, this court "examine[s] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). Where the sentencing court imposed a variance sentence, we determine "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).

Flood contends that the district court erred by focusing exclusively on his prior criminal record, at the expense of relevant mitigating factors. In addition, the district court allegedly disregarded the fact that a portion of Flood's criminal behavior occurred when he was a minor. Finally, Flood contends that the district court failed to explain how it selected the imposed sentence and did not provide proper reasoning.

Flood relies heavily on our decision in *United States v. Howard*, 773 F.3d 519 (4th Cir. 2014). In *Howard*, the defendant faced a Guidelines range of 120 to 121 months, plus 60 months consecutive, but the district court imposed an upward departure sentence of life imprisonment. 773 F.3d at 528. The district court in *Howard* based its upward departure sentence on Howard's past criminal record, deeming him a de facto career criminal. *Id.* We found the upward departure substantively unreasonable where Howard sustained the majority of his prior convictions when he was a juvenile and Howard's prior convictions all predated the offense of conviction by 13 years. *See id.* at 529-30. In so holding, we

3

emphasized the extent of the departure to a sentence of life imprisonment and the district court's failure to recognize that, in light of the fact that Howard was middle-aged at the time of sentencing, a lesser sentence would result in Howard being released at a time when his likelihood of reoffending would be diminished based on his advanced age. *Id.* at 528-33.

We find that Flood's upward departure sentence does not resemble the sentence at issue in *Howard*. First, Flood's past convictions were only one of several factors the district court relied upon when determining the appropriate sentence. Second, Flood committed a significant portion of his prior convictions after reaching the age of majority. In addition, Flood, who was 27 at the time of sentencing, spent a substantial amount of time in prison and regularly reoffended shortly after each release. While his last felony was committed approximately three years prior to engaging in the conduct giving rise to his offense of conviction, Flood was incarcerated for a portion of that time and did, in fact, sustain an intervening misdemeanor conviction. Third, and perhaps most importantly, the extent of the variance in Flood's case, an increase of 24 months from 60 months to 84 months, pales in comparison to the extent of the departure and the permanence of the life sentence at issue in *Howard*. Flood will be in his 30's when he is released, with much of his life in front of him. Accordingly, Flood's sentence is neither procedurally nor substantively unreasonable under *Howard*.

In addition, contrary to Flood's contentions, the district court addressed the mitigating factors in Flood's background. The court explicitly took into consideration Flood's family, job, and education and implicitly found that Flood's failure to reform

4

despite prior leniency and the dangerous nature of his convictions required a longer sentence, despite any mitigating factors. *See United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006) ("The context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly."). Accordingly, we find that Flood's sentence is procedurally reasonable.

Flood's primary argument on appeal is that his 84-month sentence was lengthier than necessary. As noted by the district court, Flood was a serial recidivist, who showed no signs of conforming his behavior to the law. Contrary to Flood's contentions, the district court did not focus disproportionately on any single § 3553(a) factor. Instead, the court noted the disturbing circumstances of Flood's instant offense, his long criminal history (especially for one so young), his inability to reform his behavior despite prior leniency, and the need to protect the public.

Although Flood clearly believes that the district court should have given greater mitigating effect to the factors he raised at sentencing, we do not substitute our § 3553(a) calculus for that of the district court. *See Gall*, 552 U.S. at 51-52 (recognizing that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case," given sentencing judge's "institutional advantage" and increased familiarity with individual defendant and case record (internal quotation marks omitted)); *see also United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that sentencing courts "have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). Moreover, we routinely uphold as substantively

reasonable larger deviations producing longer sentences than this one. *See, e.g., United States v. Myers*, 589 F.3d 117, 120–23, 125–27 (4th Cir. 2009) (affirming an upward departure from 121 months to 360 months based on three stale convictions); *United States v. Lawrence*, 349 F.3d 724, 727 (4th Cir. 2003) (affirming upward departure from 96 to 262 months based in part on a defendant's "extensive juvenile record"). We therefore find that Flood's sentence is substantively reasonable.

Accordingly, we affirm Flood's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*