**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4562**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRELL DARNELL WALTON,

Defendant - Appellant.

**No. 22-4734**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHE JARON DURBIN,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge. (1:20-cr-00210-GLR-4; 1:20-cr-00210-GLR-2)

Submitted: June 24, 2024                    Decided: July 18, 2024

Before NIEMEYER and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Allen H. Orenberg, ORENBERG LAW FIRM, PC, Potomac, Maryland, for Appellant Terrell D. Walton.  Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant Che J. Durbin.  Erek L. Barron, United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Darnell Walton and Che Jaron Durbin appeal their judgments after the jury convicted them of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and as to Durbin, two additional counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).   On appeal, Walton contends that his sentence is substantively unreasonable, because it resulted from an unwarranted upward departure and variance.   Durbin contends the district court erred in finding his drug quantity and denying a requested jury instruction.   We affirm.

We first consider Walton's argument that his sentence is substantively unreasonable because it resulted from an unwarranted upward departure and variance.   "'This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"   *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024).   "We first must ensure that the district court did not commit a significant procedural error."   *United States v. Kokinda*, 93 F.4th 635, 644 (4th Cir. 2024) (internal quotation marks omitted).   "Only if the sentence is procedurally reasonable can we evaluate the substantive reasonableness of the sentence, again using the abuse of discretion standard of review."   *Id*.   "A sentence is substantively unreasonable only where under the totality of the circumstances, the 'sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a).'"   *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022).

"In reviewing a departure from the advisory Guidelines range, we defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not

3

have been [our] choice." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted). "When determining whether the district court properly applied the advisory Sentencing Guidelines, this Court review[s] the district court's legal conclusions de novo and its factual findings for clear error." *Claybrooks*, 90 F.4th at 253 (internal quotation marks omitted). "'Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed.'" *Id*.

"Where, as here, the sentence is outside the advisory Guidelines range, we must 'consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range.'" *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020). "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id*. (internal quotation marks and citations omitted). "Instead, we must 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id*. "And variant sentences are generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. McKinnie*, 21 F.4th 283 (4th Cir. 2021) (internal quotation marks omitted).

"Section 4A1.3(a)(1) of the Guidelines authorizes an upward departure when 'reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.'" *McCoy*, 804 F.3d at 352. In deciding whether

4

an upward departure is warranted, a district court should not consider a prior arrest record itself but may consider other reliable information concerning criminal conduct not resulting in a conviction, including misconduct handled administratively by corrections officials. USSG § 4A1.3(a)(2), (3); *United States v. Lawrence*, 349 F.3d 724, 727-28 (4th Cir. 2003).

We have reviewed the record and conclude that Walton's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in imposing an upward departure and variance. Based on reliable information, the district court reasonably found Walton's criminal history category substantially underrepresented the seriousness of his criminal history or the likelihood that he would commit other crimes. Walton pled guilty administratively to a Rule 102 violation, i.e., assault and battery on an inmate, for his assault on a co-defendant who testified at trial, which resulted in substantial injuries; and he was found guilty of several prior assaults in Maryland prison facilities. The district court also reasonably found that an additional upward variance was warranted based on its consideration of the § 3553(a) factors, including the need for deterrence.

We next consider Durbin's argument that the district court erred in finding his drug quantity at sentencing. "It is well settled that '[w]e review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error.'" *United States v. Everett*, 91 F.4th 698, 713 (4th Cir. 2024). "Under the Guidelines, '[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (quoting USSG § 2D1.1 cmt. n.5).

5

"In undertaking that task, district courts enjoy considerable leeway and may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Banks*, No. 19-4620, __ F.4th __, 2024 WL 2947272, at \*18 (4th Cir. June 12, 2024) (internal quotation marks omitted). "Further, 'sentencing courts may consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence.'" *Id*. Moreover, "there is 'no requirement that the government present its relevant conduct evidence at trial, nor is the district court at sentencing bound by the evidence presented at trial when determining drug quantity or other relevant conduct.'" *Everett*, 91 F.4th at 713. "We thus afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not err in finding Durbin's drug quantity at sentencing by a preponderance of the evidence. The finding was supported not only by testimony and other evidence at trial, but also additional evidence provided by the Government at sentencing; and we find no clear error.

Finally, we consider Durbin's argument that the district court erred in refusing to give his proposed jury instruction. We review this issue for abuse of discretion. *See United States v. Council*, 77 F.4th 240, 263 (4th Cir. 2023). The refusal is reversible error "only if the proffered instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his

defense." *Id*. (internal quotation marks omitted).  "Moreover, we do not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." *United States v. Passaro*, 577 F.3d 207, 221 (4th Cir. 2009) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion by not giving Durbin's proposed instruction on bias and hostility.  The specific instruction applied to evidence of resentment or anger, but as Durbin's trial counsel agreed, there was no evidence of anger or hostility.  While Durbin's counsel asserted there may be bias, the district court's other instructions covered bias and hostility; and its failure to give the proposed instruction did not impair Durbin's ability to conduct his defense.

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

7